**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1140-21

LUIS RODRIGUEZ,

     Plaintiff-Respondent,

v.

CONCETTA Y. RODRIGUEZ,

     Defendant-Appellant.

_____

Submitted October 6, 2022 – Decided October 17, 2022

Before Judges Haas and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1849-12.

Thomas J. Duch, Bergen County Counsel, attorney for appellant (Sung Lim, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this post-judgment matrimonial matter, defendant Concetta Y. Rodriguez appeals from the Family Part's November 9, 2021 order that denied

her motion to modify plaintiff Luis Rodriguez's alimony obligation to her. Because plaintiff amply demonstrated there was a change of circumstances since the last time alimony was modified, we reverse.

The parties were married in March 1997 and have one child, who is now emancipated. According to their July 2013 Dual Final Judgment of Divorce, plaintiff was required to pay defendant $400 per week in alimony and $202 per week in child support.[1]

Defendant and the parties' child were dependent upon plaintiff's support because her only source of income is Supplemental Security Income (SSI) benefits.[2] However, on August 29, 2016, the trial court temporarily reduced plaintiff's support obligations based upon his assertion that he had recently been released from prison and was currently unemployed. The court's order directed plaintiff to pay defendant $111 per week in alimony and $80 per week in child support.

---

[1] Defendant's appeal is limited solely to plaintiff's alimony obligation.

[2] Defendant currently receives $825.25 per month in SSI and some additional rental assistance. However, her share of her housing costs is $763 per month.

A-1140-21

In 2017, defendant filed a motion to reinstate the original support obligations. The court denied defendant's application. At that time, plaintiff was $150,001.56 in arrears.

As defendant's financial plight worsened, she filed another application to reinstate the original support obligations in 2019. On January 29, 2019, the court denied the motion without prejudice, but ordered the parties to exchange financial information. The order stated that defendant could "file a subsequent application with the [c]ourt" if the parties were unable to resolve the issue among themselves. Plaintiff refused to provide defendant with any of his financial information.

Defendant again sought the court's assistance in March 2021. At that time, the court held a telephonic hearing. Both parties appeared. According to the court's March 15, 2021 order, plaintiff testified he was unemployed. The court ordered plaintiff to provide evidence that he was searching for a job and relisted the matter for April. At that time, plaintiff was $144,803.36 in arrears.

On April 5, 2021, both parties returned to court. At that time, plaintiff testified he was now employed and received a weekly paycheck. The court ordered the Probation Department to "continue" income withholding. However, the court did not modify the August 29, 2016 order to reinstate plaintiff's prior

3

support obligation based upon his employment status. The court also ordered plaintiff to pay defendant $10,000 toward his arrears, which now totaled $141,350.36.

Plaintiff did not make the lump sum payment. On June 4, 2021, the court conducted a virtual proceeding, but plaintiff did not appear. The court ordered plaintiff to make the $10,000 lump sum payment by June 14, 2021. The court granted further extensions, but plaintiff never made the required payment.

Defendant then filed a motion to modify plaintiff's alimony obligation by reinstating the $400 per week payment obligation set forth in the parties' judgment of divorce. Defendant pointed out that this obligation was temporarily reduced solely due to plaintiff not having a job in 2016. However, plaintiff was now employed. According to defendant's certification, plaintiff testified at the April 5, 2021 hearing that he was now earning "about $2,300 per week" as a union iron worker/welder. As noted above, defendant only received SSI and some rental assistance. Plaintiff did not file any opposition to defendant's motion.

On November 9, 2021, the trial court denied defendant's application without prejudice. In a brief written statement of reasons, the court explained that plaintiff's employment was not a change of circumstances at the present

4

time because he was employed when the court entered orders earlier in the year. However, the court did not recalculate plaintiff's obligation based upon his employment in connection with any of those orders, even though the August 29, 2016 order stated the reduction in plaintiff's obligation was intended to be temporary and defendant specifically asked that the original support obligation be reinstated.

The trial court subsequently filed a two-page written amplification of its findings of fact and conclusions of law pursuant to Rule 2:5-1(b). The court stated that it could not accept defendant's representation that plaintiff admitted he was now earning $2,300 per week as a welder because she did not submit a copy of the transcript of the April 5, 2021 hearing in which plaintiff made this statement. However, the court did not explain why it did not simply verify defendant's representation by checking the CourtSmart recording of that proceeding. In addition, the April 5 order stated that plaintiff was now employed and that Probation was collecting support through income withholding. The court also obviously believed plaintiff had funds available at that time because it ordered him to make a $10,000 lump sum payment. This appeal followed.

On appeal, defendant contends she demonstrated there was a substantial change in circumstances since the entry of the August 29, 2016 order reducing

5

plaintiff's alimony obligation from $400 to $111 per week. At that time, plaintiff stated he was unemployed. At the April 5, 2021 hearing, however, plaintiff admitted he was now working. Under these circumstances, defendant asserts the trial court should have either reinstated the original support obligation, or conducted a hearing to establish an increased alimony figure. We agree.

The scope of our review of the Family Part's orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Id. at 413. However, findings by a trial court are only "binding on appeal when supported by adequate, substantial, credible evidence." Id. at 412-13. Moreover, we owe no deference to the trial judge's legal conclusions, which we review de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Support obligations can be modified to reflect "changed circumstances." Lepis v. Lepis, 83 N.J. 139, 148 (1980). In this case, the trial court properly modified plaintiff's alimony obligation when he was unemployed in 2016. However, the court's August 29, 2016 order specifically stated that this modification was intended to be temporary. Defendant thereafter attempted to have the court reinstate plaintiff's original obligation, but was unable to do so

6

because plaintiff refused to provide his financial information in spite of the court's directives that he do so.

Finally, plaintiff admitted at the April 5, 2021 hearing that he was now employed. While the trial court stated this admission could not be verified without a copy of the transcript of that hearing, the court's April 5 order expressly stated that plaintiff testified he was employed and was being paid on a weekly basis. At that point, the court should have considered defendant's request for a modification of alimony, either by reinstating the original support figure or conducting a hearing to determine an appropriate obligation.

The trial court also stated it was unable to simply accept defendant's representation that plaintiff was earning $2,300 a week as a union welder. However, defendant's sworn certification was uncontradicted. In the alternative, the court could have ordered the parties to appear at a hearing with their financial information, or imputed income to plaintiff based upon his acknowledged employment and his failure to file any opposition to defendant's modification motion.

In short, the circumstances that led the court to reduce plaintiff's support obligation in August 2016 no longer exist in view of the fact that plaintiff is again a part of the work force. Accordingly, plaintiff's obligation must be

7

modified. Therefore, we reverse the court's November 9, 2021 order, and remand for further proceedings. On remand, the court should schedule a prompt hearing to address plaintiff's modification motion and direct each party to appear with their current financial information.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                    A-1140-21